---

[No. 8,359.   Department Two.—March 23, 1885.]
## HARRISON STANDLEY, APPELLANT, v. GEORGE STEPHENS, RESPONDENT.

LANDLORD AND TENANT—SUB-TENANT—ADVERSE POSSESSION.—One who enters into the possession of leased land by the consent and inducement of the tenant, and with knowledge of the tenancy, cannot acquire a right of possession adverse to the landlord, or dispute his title, without first surrendering the possession.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial.

Action to recover possession of a tract of government land. The defendant claimed to be entitled to the possession, by reason of a homestead entry under the laws of the United States. The further facts are stated in the opinion of the court.

*J. A. Cooper*, for Appellant.

A tenant cannot deny his landlord's title. (Taylor's Land. & Ten., §§ 705, 707; Bigelow on Estoppel, §§ 375–378, 384, 403, *et seq.*; *Tewksbury* v. *Magraff*, 33 Cal. 237.) The defendant having entered into possession under the tenant, was in no better position than the tenant, and cannot deny the landlord's title. (Taylor's Land. & Ten., § 705; Smith's Land. & Ten.,

§ 295 ; *Knight* v. *Smythe*, 4 M. & S. 347 ; *Tewksbury* v. *Magraff*, 33 Cal. 237 ; *Glen* v. *Gibson*, 9 Barb. 638; Bigelow on Estoppel, 375.)

*J. T. Rogers*, for Respondent.

MYRICK, J.—The court below found that at the time defendant entered upon the land in controversy (the same being part of a large tract), it was held by one L. R. Standley under a lease from plaintiff, and that the defendant entered by the consent and inducement of said L. R. Standley, for the purpose of filing and claiming a homestead, but that plaintiff never ratified nor acquiesced in the acts of L. R. Standley. The defendant knew that the land had been used by plaintiff as a pasture, and that plaintiff claimed it as being within what he claimed to be his inclosures. If the premises were held by said L. R. Standley as tenant of plaintiff, the tenant must have entered and acquired the right to hold under the lease ; he must have acquired that right from the plaintiff ; and having acquired it he could not acquire the right of possession antagonistic to his landlord, without first surrendering. The defendant, having entered by the consent and inducement of the tenant, and with knowledge of the tenancy, acquired no rights which the tenant could not have acquired. Therefore, neither the tenant nor the defendant were in position to question the sufficiency of the inclosures.

There is no error in the ruling of the court as to the cost bill.

The judgment and order are reversed, and the cause is remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.